**Your Missouri Courts** 

Search for Cases by: Select Search Method... ▼

Judicial Links  | eFiling | Help | Contact Us | Print          GrantedPublicAccess Logoff ALRUPE7901

### 22BU-CC01283 - RACHEL S TOLLIVER V PREFERRED FAMILY HEALTHCARE, I (E-CASE)

| Case FV sue | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ◉ Descending    Display Options:
                   ○ Ascending                      All Entries ▼

---

**12/15/2022** ☐ **Certificate of Service**
CERTIFICATE OF SERVICE Plaintiffs Answers to Defendants First Request for Admissions;
Electronic Filing Certificate of Service.
**Filed By:** ANTONETTE MARIE DUPREE
**On Behalf Of:** RACHEL SIMONE TOLLIVER

**12/09/2022** ☐ **Sound Recording Log Sheet**

☐ **Jury Trial Scheduled**
**Scheduled For:** 01/09/2024;  9:00 AM ;  DANIEL F KELLOGG;  Buchanan

☐ **Trial Setting Held**
PLAINTIFF APPEARS BY ATTORNEY. DEFENDANT APPEARS BY ATTORNEY.
**Scheduled For:** 12/09/2022;  8:30 AM ;  DANIEL F KELLOGG;  Buchanan

**11/28/2022** ☐ **Cert Serv of Req for Admission**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** KARLY DORANN WEIGEL
**On Behalf Of:** PREFERRED FAMILY HEALTHCARE, INC

☐ **Answer Filed**
**Filed By:** KARLY DORANN WEIGEL

☐ **Entry of Appearance Filed**
ENTRY OF APPEARANCE Electronic Filing Certificate of Service.
**Filed By:** KARLY DORANN WEIGEL

☐ **Entry of Appearance Filed**
ENTRY OF APPEARANCE; Electronic Filing Certificate of Service.
**Filed By:** ALAN LLOYD RUPE
**On Behalf Of:** PREFERRED FAMILY HEALTHCARE, INC

**10/28/2022** ☐ **Notice of Service**
RETURN OF SERVICE ALIAS SUMMONS IN CIVIL CASE; Electronic Filing Certificate of Service.

☐ **Family Member/Roommate Served**
Document ID - 22-SMCC-749; Served To - PREFERRED FAMILY HEALTHCARE, INC; Server - ;
Served Date - 28-OCT-22; Served Time - 11:57:00; Service Type - Special Process Server; Reason
Description - Served; Service Text - STACY HUDSON

**10/26/2022** ☐ **Alias Summons Issued**

Case 5:22-cv-06143-DGK   Document 1-2   Filed 12/29/22   Page 1 of 44   EXHIBIT 1

Document ID: 22-SMCC-749, for PREFERRED FAMILY HEALTHCARE, INC.

☐ **Note to Clerk eFiling**

    **Filed By:** ANTONETTE MARIE DUPREE

☐ **Alias Summons Requested**

ALIAS SUMMONS REQUESTED FOR PREFERRED FAMILY HEALTHCARE INC.

    **Filed By:** ANTONETTE MARIE DUPREE

    **On Behalf Of:** RACHEL SIMONE TOLLIVER

☐ **Note to Clerk eFiling**

    **Filed By:** ANTONETTE MARIE DUPREE

☐ **Notice of Service**

SUMMONS IN CIVIL CASE NOT SERVED TO PREFERRED FAMILY HEALTHCARE INC.
SCANNED UNDER RETURN FILED 10-26-22.

    **Filed By:** ANTONETTE MARIE DUPREE

    **On Behalf Of:** RACHEL SIMONE TOLLIVER

☐ **Summons Returned Non-Est**

Document ID - 22-SMCC-631; Served To - PREFERRED FAMILY HEALTHCARE, INC; Server - ;
Served Date - 26-OCT-22; Served Time - 11:55:00; Service Type - Other; Reason Description - Non-
est; Service Text - NOT SERVED IN TIME, NON-EST

**09/20/2022** ☐ **Order - Special Process Server**

ORDER FOR APPOINTMENT OF SPECIAL PROCESS SERVER

☐ **Motion Special Process Server**

Motion and Order to Appoint Special Process.

    **Filed By:** ANTONETTE MARIE DUPREE

    **On Behalf Of:** RACHEL SIMONE TOLLIVER

**09/16/2022** ☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-631, for PREFERRED FAMILY HEALTHCARE, INC.

☐ **Trial Setting Scheduled**

    **Associated Entries:** 12/09/2022 - **Trial Setting Held**

    **Scheduled For:** 12/09/2022;  8:30 AM ;  DANIEL F KELLOGG;  Buchanan

**09/12/2022** ☐ **Filing Info Sheet eFiling**

    **Filed By:** ANTONETTE MARIE DUPREE

☐ **Pet Filed in Circuit Ct**

Plaintiffs Original Petition for Damages.

    **Filed By:** ANTONETTE MARIE DUPREE

    **On Behalf Of:** RACHEL SIMONE TOLLIVER

☐ **Judge Assigned**

---

Case.net Version 5.14.60        Return to Top of Page        Released 11/02/2022

Electronically Filed - Buchanan - September 12, 2022 - 11:52 AM

**IN THE 5th JUDICIAL CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY, MISSOURI**

| | | |
|---|---|---|
| **RACHEL TOLLIVER** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Case No. |
| | ) | |
| **PREFERRED FAMILY HEALTHCARE, INC.** | ) | Jury Trial Demand |
| (Serve: Michael Schwend | ) | |
| 900 East LaHarpe | ) | |
| P.O. Box 767 | ) | |
| Kirksville, MO 63501) | ) | |
| | ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES
## (TJ)

Rachel Tolliver (Plaintiff) by and through her undersigned counsel of record does hereby bring this action against Preferred Family Healthcare, Inc. (Defendant) for race and disability discrimination in violation of Mo. Rev. Stat. § 213.070 *et seq.* Missouri Human Rights Act (MHRA).

## PARTIES

1.  Plaintiff is a 33-year-old woman who at all times relevant was employed as a Counselor for youth with substance abuse issues and worked for Defendant since November 25, 2014.

2.  At all times relevant, Plaintiff was and still is a resident of St. Joseph, MO and worked for Defendant at their St. Joseph, Missouri location.

3.  Defendant is a community-based healthcare organization that provides mental and behavioral health, employment, developmental disability, and child welfare services.

4.  Defendant is a corporation organized and existing in the state of Missouri.

Electronically Filed - Buchanan - September 12, 2022 - 11:52 AM

## JURISDICTION AND VENUE

5.      Defendant is an employer by and within the meaning of subsection (8) of § 213.010 of the MHRA.

6.      Plaintiff filed a timely Charge of Discrimination with both the EEOC and the Missouri Commission on Human Rights (MCHR), which alleged that the Defendant engaged in harassing and discriminatory actions that are being raised in this lawsuit, or alternatively, the alleged conduct herein would have arisen from the investigation of such charge.

7.      A notice of Right to Sue (RTS) was issued on June 14, 2022 from the MCHR and this action is being brought within ninety (90) days from its issuance and not more than two (2) years from the date of her resignation (constructive discharge) from employment or the date of the last adverse employment action by Defendant October 27, 2021.

8.      As such, Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative remedies prior to instituting this lawsuit in accordance with the law.

9.      Venue is proper as the events which make up the basis for all causes of action plead in this Petition occurred within the city of St. Joseph, Missouri.

## FACTS APPLICABLE TO ALL COUNTS

10.     On Saturday, May 9, 2020, Plaintiff's Mother passed away.

11.     Per Defendant's policy, Plaintiff was given three (3) days of bereavement to mentally process her Mother's death and deal with her affairs.

12.     Plaintiff returned back to work the following Tuesday, May 12, 2020, after using only one (1) bereavement day of the three (3) she had available.

13. Plaintiff was never really able to process her Mother's death but was thrown back into a very hectic work schedule during the COVID pandemic.

14. During this time, Plaintiff inquired about the possibility of utilizing FMLA leave but was told that she would first have to exhaust all her personal time off (PTO).

15. On June 3, 2020, Plaintiff was given an Employee Disciplinary Counseling Report for lack of production.

16. Not only was Plaintiff the only Black employee at Defendants place of business, but she was the only employee within the organization to receive such disciplinary action, during the beginning of the COVID pandemic, a mere months after the world had all but been shut down for several weeks.

17. Plaintiff began to feel she had a target on her back which persisted and became worse as time went on.

18. A colleague of Plaintiff's told her that she had overheard Plaintiff's Supervisor say to another Supervisor that she felt Plaintiff used her race to connect with her client base.

19. Plaintiff was charged with counseling troubled youth with substance-abuse issues, and it was important that she won the trust of her client base.

20. If connecting with the client base because her race provided common ground, then it seems that only benefitted Defendant.

21. Doing so, did not violate any policies of Defendant and should not have been used as a basis to form a negative opinion of Plaintiff or to have justified disciplinary action.

22. On July 15, 2020 Plaintiff was asked to provide Defendant with a written plan to show how she would achieve 26 hours of face-to-face contact or to validate 65% of her work schedule.

23. Plaintiff again felt singled out by this request given that it was the middle of a pandemic and none of her similarly situated Caucasian colleagues were being held to these same standards of productivity.

24. Plaintiff felt that substantiating twenty-six (26) hours of face time was a big ask during a pandemic and felt she was being set up to fail.

25. On September 10, 2020, Plaintiff was again asked to substantiate why she was only able to obtain fifteen (15) hours of face time with clients during a week when two (2) other employees were out of the office.

26. Plaintiff addressed the fact that during that week she had helped with duties of the absent employees and also mentioned that along with never getting to grieve her Mother's passing, she was also the only caregiver for a sick Grandmother who had been in the hospital.

27. Plaintiff was managing the extra workload and dealing with personal issues while getting no support from anyone at her job.

28. In October 2020, Defendant hired a new Clinical Supervisor.

29. Plaintiff was frustrated because she felt that she was not valued by Defendant and was not given an opportunity to apply for the position because of her race and the negative opinion of her superiors had of her because she was a Black woman.

30. As a result of her frustrations and burn out she began seeing a counselor to help with the anxiety and depression she was feeling by not having adequate time to process her Mother's passing and being disciplined for productivity related issues when no one else she worked with was facing this same pressure.

31. On April 5, 2021, Plaintiff's Grandmother passed away.

32. Plaintiff requested time off via FMLA on April 8, 2021 for the period of April 14, 2021 through May 7, 2021.

33. Defendant responded to her request by advising her that she would need to provide documentation for the absences to be covered.

34. Plaintiff provided the necessary paperwork.

35. On May 10, 2021, Defendant stated that more information would need to be provided in order to process her request for time off.

36. Plaintiff responded that while she understood she was in fact quite upset that her mental health was not being taken seriously given she was charged with providing counseling to others.

37. Plaintiff's FMLA was finally approved on May 25, 2021.

38. During her absence, Plaintiff tried to work with Defendant to reach agreement on a reasonable accommodation which had been suggested by her healthcare provider and entailed Plaintiff working shortened shifts.

39. Written requests by the doctor were submitted four (4) times which stated that Plaintiff was approved to return back to work, but Defendant was so inconsistent with communication that her return was not approved until June 1, 2021.

40. This resulted in Plaintiff having exhausted all her available PTO time through no fault of her own, which left her all the more stressed out.

41. On June 10, 2021 Plaintiff was advised that they would not accommodate her request for shortened shifts and was only approved FMLA leave for doctor's appointments.

42.    Plaintiff continued performing her job with burnout and no reasonable accommodations despite substantiation of a need from her doctor and despite her lawful requests under the MHRA.

43.    Defendant continued to be critical of her work.

44.    On September 28, 2021, Plaintiff transported a client to a Joplin Healthcare facility.

45.    The client (a minor) was quite distressed about going there and began to cry upon arrival and communicated to Plaintiff that she was having second thoughts about staying at the facility for treatment.

46.    Plaintiff provided words of encouragement and gave the client a hug (which was requested by the client).

47.    Plaintiff was disciplined for giving the client a hug when she returned to the St. Joseph facility.

48.    On October 7, 2021, Plaintiff was given a self-evaluation during which Defendant brought up Plaintiff's burnout that they did nothing to lessen, while still not reasonably accommodating Plaintiff.

49.    In all her frustration, Plaintiff finally could not bear working for Defendant another day, sent in a letter of resignation due to constructive discharge to Defendant on October 27, 2021.

50.    Defendant did not let allow her to continue working and instead terminated the relationship that day.

## COUNT I: RACE DISCRIMINATION

For Count I of her Petition against Defendant, Plaintiff states the following:

51.  Plaintiff incorporates by reference all allegations previously and hereafter stated into Count I of her Petition.

52.  Defendant has discriminated against Plaintiff by applying unequal standards relating to productivity and work performance to all other similarly situated Caucasian counterparts working for Defendant.

53.  The application of unequal standards as applied to Plaintiff in relation to all other similarly situated Caucasian counterparts working for Defendant changed the terms and conditions of Plaintiff's employment with Defendant.

54.  The Plaintiff complained to her employer of the unequal standards and treatment to no avail.

55.  The Plaintiff's race, African American was the motivating factor in the unequal treatment experienced by Plaintiff in the workplace .

56.  Because of Defendants discriminatory practices based on race, the Plaintiff and other similarly situated individuals have been deprived of the opportunity to work in an environment free of unequal treatment.

57.  All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees acting within the scope of their employment with Defendant as set forth herein.

58.  As a direct and proximate cause of the unlawful, discriminatory conduct of the Defendant, Plaintiff has sustained damages which include, damages finances, career damage and diminished career potential, mental distress and anguish in the form embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual damages, in an amount

that is fair and reasonable, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II: DISABILITY DISCRIMINATION

For Count II of her Petition against Defendant, Plaintiff states the following:

59. Plaintiff incorporates by reference all allegations previously and hereafter stated into Count II of her Petition.

60. After losing both her Mother and Grandmother within a year and having Defendant place unequal standards upon Plaintiff's work causing her severe burnout, Plaintiff sought leave under the FMLA for work-related stress, Posttraumatic Stress Disorder (PTSD), and Manic Depressive and/or Bi-polar Disorder as diagnosed by her doctor.

61. After a short period of time off, Plaintiff returned to work.

62. Upon doing so, Plaintiff requested Defendant sit down with her for the purpose of engaging in an interactive process under the MHRA disability discrimination provisions to provide Plaintiff with reasonable accommodations for her disabilities.

63. Plaintiff had a disability by and within the meaning of Mo. Rev. Stat. § 213.010(5) in that she had a physical or mental impairment, Manic Depressive and/or Bipolar Disorder (PTSD) which was temporary, but which substantially limited one or more of Plaintiff's major life activities, being regarded as having such an impairment, or a record of having such an impairment which with or without reasonable accommodation does not interfere with performing the essential functions of the job.

64. Although Defendant engaged with Plaintiff in an interactive process to determine if reasonable accommodations could be made for Plaintiff's disability, she was denied any

reasonable accommodation despite Plaintiff providing evidence to Defendant of her disability via doctor's notes and recommendations and despite the fact that the accommodation she sought was temporary and reasonable in that it required her to work shortened days for a period of time.

65.    The denial of reasonable accommodations for Plaintiff's disability constitutes illegal discrimination based on Plaintiff's disabilities in violation of the MHRA.

66.    As a direct and proximate cause of the unlawful, discriminatory conduct of the Defendant, Plaintiff has sustained damages which include, damages finances, career damage and diminished career potential, mental distress and anguish in the form embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual damages, in an amount that is fair and reasonable, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

<div align="center">

**COUNT III: HOSTILE AND OFFENSIVE WORK ENVIRONMENT
BASED ON DISABILITY**

</div>

For Count III of her Petition against Defendant, Plaintiff states the following:

67.    Plaintiff incorporates by reference all allegations previously and hereafter stated into Count III of her Petition.

68.    Plaintiff has been subjected to a continuing hostile and offensive work environment which she found and which a reasonable person would find to be offensive, including persistently unequal treatment in the form of multiple disciplinary actions and the denial of reasonable accommodations for her disabilities, which included Manic Depressive/Bipolar Disorder

and PTSD as a result of burn out and not being able to manage the grief associated with multiple deaths in her family.

69. Plaintiff's disability, record and history of said disability were the motivating factor in the hostile and offensive work environment experienced by Plaintiff.

70. The unwelcome conduct created by the hostile and offensive work environment had the purpose and effect of substantially interfering with Plaintiff's work performance or creating a hostile and offensive work environment.

71. As a direct and proximate cause of the unlawful, discriminatory conduct of the Defendant, Plaintiff has sustained damages which include, damages finances, career damage and diminished career potential, mental distress and anguish in the form embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual damages, in an amount that is fair and reasonable, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all of the allegations contained in this Petition that are triable before a jury.

Respectfully Submitted,

**A.D. LITIGATION & ESTATE PLANNING, LLC**

*/s/ Antonette M. DuPree, Esq.*
Antonette M. DuPree, MBN 70039

1301 Oak Street. Suite 610
Kansas City, MO 64106
Ph:    (816) 643-4152
Fax:   (816) 643-4778
Email: antonette@adlitigationep.com

**ATTORNEY FOR PLAINTIFF**



**IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI**

| Judge or Division:<br>DANIEL F KELLOGG | Case Number: 22BU-CC01283 |
|---|---|
| Plaintiff/Petitioner:<br>RACHEL SIMONE TOLLIVER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANTONETTE MARIE DUPREE<br>4014 B SOUTH LYNN COURT<br>INDEPENDENCE, MO 64055 |
| Defendant/Respondent:<br>PREFERRED FAMILY HEALTHCARE, INC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**STATUS REVIEW HEARING DATE:** |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | **DECEMBER 9, 2022 @ 8:30 AM, DIV 4** |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to: PREFERRED FAMILY HEALTHCARE, INC<br>Alias: |
|---|

SERVE: MICHAEL SCHWEND
900 EAST LAHARPE
P.O. BOX 767
KIRKSVILLE, MO 63501

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**BUCHANAN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____9/16/2022_____     _____*/s/Sara Brewer*_____
Date                            Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                    _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-631   1 of 1 (22BU-CC01283)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**IN THE 5th JUDICIAL CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY, MISSOURI**

RACHEL TOLLIVER )
)
*Plaintiff,* )
)
v. ) Case No. 22BU-CC01283
)
PREFERRED FAMILY HEALTHCARE, INC. )
)
*Defendant.* )

## PLAINTIFF'S MOTION AND PROPOSED ORDER FOR APPROVAL OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS22-0001 | Zackery Hayes PPS22-0033 | Bob Peters PPS22-0327 |
| Sallie Bailey PPS22-0003 | Stephen Heitz PPS22-0035 | Carrie Pfeifer PPS22-0203 |
| Carl Barnett PPS22-0254 | Bridgette Hight PPS22-0293 | Craig Poese PPS22-0073 |
| Thomas Bogue PPS22-0118 | Wendy Hilgenberg PPS22-0037 | Anthony Powell PPS22-0329 |
| Matthew Bohrer PPS22-0258 | James Hise PPS22-0294 | Dee Powell PPS22-0075 |
| Arthur Boyer PPS22-0006 | Jennifer Hyman PPS22-0586 | Samantha Powell PPS22-0076 |
| Scott Brady PPS22-0008 | Robyn Jackson PPS22-0043 | William Powell PPS22-0077 |
| Nicholas Bull PPS22-0011 | Tawanda Johnson PPS22-0166 | Curtis Press PPS22-0079 |
| Gary Burt PPS22-0012 | Patrick Jones PPS22-0167 | Kenneth Prewett PPS22-0080 |
| Bobby Calvert PPS22-0124 | Chelsea Ketron PPS22-0044 | Mark Rauss PPS22-0082 |
| Carolyn Champlin PPS22-0013 | Leisa Ketron PPS22-0045 | Jorge A Rivera PPS22-0214 |
| Michael Conklin PPS22-0267 | Brent Kirkhart PPS22-0046 | Jason Rodgers PPS22-0088 |
| Lisa Corbett PPS22-0269 | Janice Kirkhart PPS22-0047 | Richard Roth PPS22-0091 |
| Norman Diggs PPS22-0274 | Tyler Kirkhart PPS22-0048 | Kathy Rulo PPS22-0338 |
| Edwina Ditmore PPS22-0275 | Cody Kyser PPS22-0049 | Lawanda Rauss PPS22-0499 |
| Andrew Downs PPS22-0016 | Raymond Land PPS22-0303 | Edna Russell PPS22-0093 |
| Chris Drummond PPS22-0017 | Frank Lundien PPS22-0055 | Brenda Schiwitz PPS22-0094 |
| Anthony Dunne PPS22-0519 | Chad Maier PPS22-0312 | Dylan Schneider PPS22-0340 |
| William Ferrell PPS22-0022 | Lyle Malcom PPS22-0313 | Mark Schneider PPS22-0341 |
| Robert Finley PPS22-0023 | Kenneth Marshall PPS22-0057 | Westley Seifert PPS22-0220 |
| Brandon Fisher PPS22-0024 | Michael Meador PPS22-0060 | Thomas Skinner PPS22-0224 |
| Dana Fortner PPS22-0286 | Heather Merfen PPS22-0061 | Richard Skyles PPS22-0095 |
| John Frago PPS22-0026 | Ashlyn Miller PPS22-0560 | Anthony Spada PPS22-0228 |
| Brad Gordon PPS22-0144 | Matthew Millhollin PPS22-0062 | Randy Stone PPS22-0229 |
| Tom Gorgone PPS22-0145 | Jason Moody PPS22-0065 | Carrie Stroup PPS22-0350 |
| Charles Gunning PPS22-0028 | Jeremy Nicholas PPS22-0194 | Summer Smith PPS22-0609 |
| James Hannah PPS22-0030 | Michael Noble PPS22-0196 | Daniel Swinney PPS22-0578 |
| Rufus Harmon PPS22-0031 | Greg Noll PPS22-0068 | Robert Torrey PPS22-0355 |
| | Tory Owens PPS22-0071 | Rachel Trask PPS22-0595 |

Lucas Traugott PPS22-0356    Gregory Willing PPS22-0105
Daniel Wagner PPS22-0099    Conni Wilson PPS22-0107
Kenneth Wallace PPS22-0100    Allen Yoder PPS22-0366
Ryan Weekley PPS22-0101    Rod Yoder PPS22-0367
Robert Weishar PPS22-0102    Stan Yoder PPS22-0368
Andrew Wheeler PPS22-0103    Greg Zotta PPS22-011
Andrew Wickliffe PPS22-0104

Electronically Filed - Buchanan - September 20, 2022 - 11:26 AM

Electronically Filed - Buchanan - September 20, 2022 - 11:26 AM

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

**A.D. LITIGATION & ESTATE PLANNING, LLC**

*/s/ Antonette M. DuPree, Esq.*
Antonette M. DuPree, MBN 70039
1301 Oak Street, Suite 610
Kansas City, MO 64106
Ph:     (816) 643-4152
Fax:    (816) 643-4778
Email: antonette@adlitigationep.com

**ATTORNEY FOR PLAINTIFF**

**<u>ORDER</u>**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____          _____
                                                                    Judge or Clerk

# IN THE 5th JUDICIAL CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY, MISSOURI

| | | |
|---|---|---|
| **RACHEL TOLLIVER** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Case No. 22BU-CC01283 |
| | ) | |
| **PREFERRED FAMILY HEALTHCARE, INC.** | ) | |
| | ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S MOTION AND PROPOSED ORDER FOR APPROVAL OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS22-0001 | Zackery Hayes PPS22-0033 | Bob Peters PPS22-0327 |
| Sallie Bailey PPS22-0003 | Stephen Heitz PPS22-0035 | Carrie Pfeifer PPS22-0203 |
| Carl Barnett PPS22-0254 | Bridgette Hight PPS22-0293 | Craig Poese PPS22-0073 |
| Thomas Bogue PPS22-0118 | Wendy Hilgenberg PPS22-0037 | Anthony Powell PPS22-0329 |
| Matthew Bohrer PPS22-0258 | James Hise PPS22-0294 | Dee Powell PPS22-0075 |
| Arthur Boyer PPS22-0006 | Jennifer Hyman PPS22-0586 | Samantha Powell PPS22-0076 |
| Scott Brady PPS22-0008 | Robyn Jackson PPS22-0043 | William Powell PPS22-0077 |
| Nicholas Bull PPS22-0011 | Tawanda Johnson PPS22-0166 | Curtis Press PPS22-0079 |
| Gary Burt PPS22-0012 | Patrick Jones PPS22-0167 | Kenneth Prewett PPS22-0080 |
| Bobby Calvert PPS22-0124 | Chelsea Ketron PPS22-0044 | Mark Rauss PPS22-0082 |
| Carolyn Champlin PPS22-0013 | Leisa Ketron PPS22-0045 | Jorge A Rivera PPS22-0214 |
| Michael Conklin PPS22-0267 | Brent Kirkhart PPS22-0046 | Jason Rodgers PPS22-0088 |
| Lisa Corbett PPS22-0269 | Janice Kirkhart PPS22-0047 | Richard Roth PPS22-0091 |
| Norman Diggs PPS22-0274 | Tyler Kirkhart PPS22-0048 | Kathy Rulo PPS22-0338 |
| Edwina Ditmore PPS22-0275 | Cody Kyser PPS22-0049 | Lawanda Rauss PPS22-0499 |
| Andrew Downs PPS22-0016 | Raymond Land PPS22-0303 | Edna Russell PPS22-0093 |
| Chris Drummond PPS22-0017 | Frank Lundien PPS22-0055 | Brenda Schiwitz PPS22-0094 |
| Anthony Dunne PPS22-0519 | Chad Maier PPS22-0312 | Dylan Schneider PPS22-0340 |
| William Ferrell PPS22-0022 | Lyle Malcom PPS22-0313 | Mark Schneider PPS22-0341 |
| Robert Finley PPS22-0023 | Kenneth Marshall PPS22-0057 | Westley Seifert PPS22-0220 |
| Brandon Fisher PPS22-0024 | Michael Meador PPS22-0060 | Thomas Skinner PPS22-0224 |
| Dana Fortner PPS22-0286 | Heather Merfen PPS22-0061 | Richard Skyles PPS22-0095 |
| John Frago PPS22-0026 | Ashlyn Miller PPS22-0560 | Anthony Spada PPS22-0228 |
| Brad Gordon PPS22-0144 | Matthew Millhollin PPS22-0062 | Randy Stone PPS22-0229 |
| Tom Gorgone PPS22-0145 | Jason Moody PPS22-0065 | Carrie Stroup PPS22-0350 |
| Charles Gunning PPS22-0028 | Jeremy Nicholas PPS22-0194 | Summer Smith PPS22-0609 |
| James Hannah PPS22-0030 | Michael Noble PPS22-0196 | Daniel Swinney PPS22-0578 |
| Rufus Harmon PPS22-0031 | Greg Noll PPS22-0068 | Robert Torrey PPS22-0355 |
| | Tory Owens PPS22-0071 | Rachel Trask PPS22-0595 |

Lucas Traugott PPS22-0356
Daniel Wagner PPS22-0099
Kenneth Wallace PPS22-0100
Ryan Weekley PPS22-0101
Robert Weishar PPS22-0102
Andrew Wheeler PPS22-0103
Andrew Wickliffe PPS22-0104

Gregory Willing PPS22-0105
Conni Wilson PPS22-0107
Allen Yoder PPS22-0366
Rod Yoder PPS22-0367
Stan Yoder PPS22-0368
Greg Zotta PPS22-011

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

**A.D. LITIGATION & ESTATE PLANNING, LLC**

*/s/ Antonette M. DuPree, Esq.*
Antonette M. DuPree, MBN 70039
1301 Oak Street, Suite 610
Kansas City, MO 64106
Ph:   (816) 643-4152
Fax:   (816) 643-4778
Email: antonette@adlitigationep.com


**ATTORNEY FOR PLAINTIFF**


**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.


Date: ____ **9/20/2022** _____      _____ **/s/Barbara Shryock** _____
                                                              ~~Judge or~~ Clerk

Electronically Filed - Buchanan - September 20, 2022 - 11:26 AM

Electronically Filed - Buchanan - October 26, 2022 - 11:55 AM



**IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI**

| Judge or Division:<br>DANIEL F KELLOGG | Case Number: 22BU-CC01283 |
|---|---|
| Plaintiff/Petitioner:<br>RACHEL SIMONE TOLLIVER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANTONETTE MARIE DUPREE<br>4014 B SOUTH LYNN COURT<br>INDEPENDENCE, MO 64055 |
| Defendant/Respondent:<br>PREFERRED FAMILY HEALTHCARE, INC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | **STATUS REVIEW HEARING DATE:**<br>**DECEMBER 9, 2022 @ 8:30 AM, DIV 4**                (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** PREFERRED FAMILY HEALTHCARE, INC
**Alias:**

SERVE: MICHAEL SCHWEND
900 EAST LAHARPE
P.O. BOX 767
KIRKSVILLE, MO 63501

*COURT SEAL OF*



*BUCHANAN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____9/16/2022_____        /s/Sara Brewer
           Date                                              Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☒ other: _Not served in time_    _Non-est_
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                              Date                                         Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only: Document ID # 22-SMCC-631*  1 of 1 (22BU-CC01283)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



& estate planning, llc

Antonette DuPree, Esq. MO, E.D. KS

October 26, 2022

**Efiled with Court**

**Ashley Thrasher, Circuit Court Clerk**
**Haley, Clerk of Div. 4**

Re:    Request for new Alias Summons': *Rachel Tolliver v. Preferred Family Healthcare, Inc.* - Case No. 22BU-CC01283

Good day ladies,

I am needing to request a new summons in this case. We apologize. After not receiving back an affidavit of service within a reasonable amount of time we got to investigating and realized that while we had attempted to send an email with the service packet, it did not actually go through and we just realized it about a week too late. We do again apologize for any inconvenience this may cause you. I have included the name of the President of the company as well as the principle place of business/corporate headquarters address below:

Michael Schwend, President
900 E LaHarpe Street
Kirksville, MO 63501

Please let me know should you need any further information.

Best Regards,

*/s/ Antonette M DuPree, MBN 70039*

1301 Oak Street, Suite 610, Kansas City, MO 64106 I (816) 643-4152 I adlitigationep.com
Employment Discrimination I Personal Injury I Estate Planning



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| Judge or Division:<br>DANIEL F KELLOGG | Case Number: 22BU-CC01283 |
|---|---|
| Plaintiff/Petitioner:<br>RACHEL SIMONE TOLLIVER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>ANTONETTE MARIE DUPREE<br>4014 B SOUTH LYNN COURT<br>INDEPENDENCE, MO 64055 |
| Defendant/Respondent:<br>PREFERRED FAMILY HEALTHCARE, INC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | **TRIAL SETTING SET FOR:**<br>**DECEMBER 9, 2022 AT 8:30 AM, DIV 4** |

<div align="right">(Date File Stamp)</div>

## ALIAS Summons in Civil Case

The State of Missouri to:  PREFERRED FAMILY HEALTHCARE, INC
<div align="center">Alias:</div>

**SERVE:**
**MICHAEL SCHWEND, PRESIDENT**
**900 EAST LAHARPE ST**
**P.O. BOX 767**
**KIRKSVILLE, MO 63501**

**COURT SEAL OF**

**BUCHANAN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| <u>10/26/2022</u> | <u>/s/Barbara Shryock</u> |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
<div align="right">Date                              Notary Public</div>

**Sheriff's Fees, if applicable**
| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI**


*2022-1172*
**RETURN**

| Judge or Division:<br>DANIEL F KELLOGG | Case Number: 22BU-CC01283 |
|---|---|
| Plaintiff/Petitioner:<br>RACHEL SIMONE TOLLIVER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>ANTONETTE MARIE DUPREE<br>4014 B SOUTH LYNN COURT<br>INDEPENDENCE, MO 64055 |
| Defendant/Respondent:<br>PREFERRED FAMILY HEALTHCARE, INC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | SAINT JOSEPH, MO 64501<br>TRIAL SETTING SET FOR:<br>DECEMBER 9, 2022 AT 8:30 AM, DIV 4 |

<div align="right">(Date File Stamp)</div>

### ALIAS Summons in Civil Case

The State of Missouri to: PREFERRED FAMILY HEALTHCARE, INC
<div align="center">Alias:</div>

SERVE:
MICHAEL SCHWEND, PRESIDENT
900 EAST LAHARPE ST
P.O. BOX 767
KIRKSVILLE, MO 63501

**COURT SEAL OF**

*You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.*

**BUCHANAN COUNTY**

| 10/26/2022 | /s/Barbara Shryock |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☑ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_Stacy Hudson_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____

Served at _Goo E. LaHarpe Kirksville, mo 63501_____ (address)
in _Adair_____ (County/City of St. Louis), MO, on _10/28/22_ (date) at _1157_ (time).
_Chris Stivers_____            _[signature]_____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
<div align="center">Date            Notary Public</div>

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only: Document ID # 22-SMCC-749* 1 of 1 (22BU-CC01283)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Buchanan - October 28, 2022 - 03:04 PM

# Adair County Sheriff's Office

### 215 N Franklin St., Kirksville, MO 63501

## SERVICE SHEET

| | | |
|---|---|---|
| Case Number<br>22BU-CC01283 | Petitioner vs Respondent<br>RACHEL TOLLIVER VS PREFERRED FAMILY | Service Record Number<br>2022-1172 |
| Service Requested By<br>ANTONETTE DUPREE | HEALTHCARE | Case Type<br>CIVIL SUMMONS |
| Receipt Number<br>INVOICE | Serve NLT<br>11/29/2022 | Deputy Assigned<br>556 |

**Party to be Served**

Name   SCHWEND, MICHAEL

**Cautions:**

**Special Instructions:**   **SERVE PREFERRED FAMILY MICHAEL SCHWEND 900 E LAHARPE KIRKSVILLE**

### Service Attempts

| Date | Time | DSN | Comments | Miles |
|---|---|---|---|---|
| | | | Stacy Hudson chief HR officer | |
| | | | | |
| | | | | |
| | | | | |

☑ SERVED   DATE 10/28/22   TIME 1157   DEPUTY Stings   MILES

LOCATION SERVED   900 E. Laharpe

☐ NON - EST   DETAILS ARE REQUIRED BELOW

    ☐ MOVED, NEW ADDRESS _____

    ☐ MOVED, NO FORWARDING ADDRESS DISCOVERED

    ☐ UNABLE TO LOCATE

    DETAIL EFFORTS TO LOCATE _____

    ☐ ADDRESS NOT IN ADAIR COUNTY   PROVIDE COUNTY NAME IF KNOWN _____

    ☐ OUT OF TIME

    DETAIL WHY _____

☐ RECALLED BY COURT

**IN THE CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY**
**STATE OF MISSOURI**

RACHEL TOLLIVER,

        Plaintiff,

v.

PREFERRED FAMILY HEALTHCARE, INC.,

        Defendant.

Case No. 22BU-CC01283

## ENTRY OF APPEARANCE

    Alan L. Rupe, of the law firm of Lewis Brisbois Bisgaard & Smith LLP, hereby enters his appearance as counsel for Defendant Preferred Family Healthcare, Inc.

        /s/ Alan L. Rupe
        Alan L. Rupe, MO #56013
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        4600 Madison Avenue, Suite 700
        Kansas City, MO 64112
        Telephone: 816-299-4244
        Facsimile: 816-299-4245
        alan.rupe@lewisbrisbois.com

        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 28, 2022 the above Entry of Appearance was filed using the court's electronic filing system which will send notice to all counsel of record.

        /s/ Alan L. Rupe
        Alan L. Rupe

4889-2834-7700.1

# IN THE CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY
## STATE OF MISSOURI

RACHEL TOLLIVER,

        Plaintiff,

v.

PREFERRED FAMILY HEALTHCARE, INC.,

        Defendant.

Case No.  22BU-CC01283

## ENTRY OF APPEARANCE

Karly D. Weigel, of the law firm of Lewis Brisbois Bisgaard & Smith LLP, hereby enters her appearance as counsel for Defendant Preferred Family Healthcare, Inc.

/s/ Karly D. Weigel
Karly D. Weigel, MO #70410
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, MO 64112
Telephone: 816-299-4244
Facsimile:  816-299-4245
karly.weigel@lewisbrisbois.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2022, the above Entry of Appearance was filed using the court's electronic filing system which will send notice to all counsel of record.

/s/ Karly D. Weigel
Karly D. Weigel

4893-8133-2532.1

**IN THE CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY**
**STATE OF MISSOURI**

RACHEL TOLLIVER,

       Plaintiff,

v.

PREFERRED FAMILY HEALTHCARE, INC.,

       Defendant.

Case No. 22BU-CC01283

## DEFENDANT PREFERRED FAMILY
## HEALTHCARE, INC.'S ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

Defendant Preferred Family Healthcare, Inc. ("Defendant"), by the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Original Petition for Damages ("Petition") as follows:

### PARTIES

1.      Responding to Paragraph 1 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

2.      Responding to Paragraph 2 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

3.      Responding to Paragraph 3 of Plaintiff's Petition, Defendant admits the allegations contained in this Paragraph.

4.      Responding to Paragraph 4 of Plaintiff's Petition, Defendant admits the allegations contained in this Paragraph.

Electronically Filed - Buchanan - November 28, 2022 - 05:37 PM

## JURISDICTION AND VENUE

5.      Paragraph 5 of Plaintiff's Petition contains a legal conclusion(s) to which no response is required on behalf of Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations, and therefore denies them.

6.      Paragraph 6 Plaintiff's Petition contains a legal conclusion(s) to which no response is required on behalf of Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations, and therefore denies them.

7.      Paragraph 7 of Plaintiff's Petition contains a legal conclusion(s) to which no response is required on behalf of Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations, and therefore denies them.

8.      Paragraph 8 of Plaintiff's Petition contains a legal conclusion(s) to which no response is required on behalf of Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations, and therefore denies them.

9.      Paragraph 9 of Plaintiff's Petition contains a legal conclusion(s) to which no response is required on behalf of Defendant. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations, and therefore denies them.

Electronically Filed - Buchanan - November 28, 2022 - 05:37 PM

## FACTS APPLICABLE TO ALL COUNTS

10.     Responding to Paragraph 10 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

11.     Responding to Paragraph 11 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

12.     Responding to Paragraph 12 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

13.     Responding to Paragraph 13 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

14.     Responding to Paragraph 14 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

15.     Responding to Paragraph 15 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

16.     Responding to Paragraph 16 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

17.     Responding to Paragraph 17 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

18.     Responding to Paragraph 18 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

19.     Responding to Paragraph 19 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

20.     Responding to Paragraph 20 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

4874-8098-7444.1

3

21.    Responding to Paragraph 21 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

22.    Responding to Paragraph 22 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

23.    Responding to Paragraph 23 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

24.    Responding to Paragraph 24 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

25.    Responding to Paragraph 25 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

26.    Responding to Paragraph 26 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

27.    Responding to Paragraph 27 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

28.    Responding to Paragraph 28 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

29.    Responding to Paragraph 29 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

30.    Responding to Paragraph 30 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

31.    Responding to Paragraph 31 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

4874-8098-7444.1

4

32.     Responding to Paragraph 32 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

33.     Responding to Paragraph 33 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

34.     Responding to Paragraph 34 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

35.     Responding to Paragraph 35 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

36.     Responding to Paragraph 36 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

37.     Responding to Paragraph 37 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

38.     Responding to Paragraph 38 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

39.     Responding to Paragraph 39 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

40.     Responding to Paragraph 40 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

41.     Responding to Paragraph 41 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

42.     Responding to Paragraph 42 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

43.　Responding to Paragraph 43 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

44.　Responding to Paragraph 44 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

45.　Responding to Paragraph 45 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

46.　Responding to Paragraph 46 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

47.　Responding to Paragraph 47 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

48.　Responding to Paragraph 48 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

49.　Responding to Paragraph 49 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

50.　Responding to Paragraph 50 of Plaintiff's Petition, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore denies them.

## COUNT I: RACE DISCRIMINATION

51.　Responding to Paragraph 51 of Plaintiff's Petition, Defendant incorporates its statements and responses set forth in Paragraphs 1 – 50 as if fully set forth herein.

52.　Responding to Paragraph 52 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

53.　Responding to Paragraph 53 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

54.     Responding to Paragraph 54 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

55.     Responding to Paragraph 55 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

56.     Responding to Paragraph 56 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

57.     Responding to Paragraph 57 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

58.     Responding to Paragraph 58 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

Responding to the unnumbered Wherefore clause, Defendant denies that Plaintiff is entitled to any of the relief sought. Defendant prays that it be dismissed from this action, awarded its costs and fees incurred, and any other relief the Court deems just and proper.

## COUNT II: DISABILITY DISCRIMINATION

59.     Responding to Paragraph 59 of Plaintiff's Petition, Defendant incorporates its statements and responses set forth in Paragraphs 1 – 58 as if fully set forth herein.

60.     Responding to Paragraph 60 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

61.     Responding to Paragraph 61 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

62.     Responding to Paragraph 62 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

63.     Responding to Paragraph 63 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

64.     Responding to Paragraph 64 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

65.     Responding to Paragraph 65 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

66.     Responding to Paragraph 66 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

Responding to the unnumbered Wherefore clause, Defendant denies that Plaintiff is entitled to any of the relief sought. Defendant prays that it be dismissed from this action, awarded its costs and fees incurred, and any other relief the Court deems just and proper.

<u>**COUNT III: HOSTILE AND OFFENSIVE WORK ENVIRONMENT
BASED ON DISABILITY**</u>

67.     Responding to Paragraph 67 of Plaintiff's Petition, Defendant incorporates its statements and responses set forth in Paragraphs 1 – 66 as if fully set forth herein.

68.     Responding to Paragraph 68 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

69.     Responding to Paragraph 69 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

70.     Responding to Paragraph 70 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

71.     Responding to Paragraph 71 of Plaintiff's Petition, Defendant denies the allegations contained in this Paragraph.

## **PRAYER FOR RELIEF**

Responding to the unnumbered Wherefore clause at the end of Plaintiff's Petition, Defendant denies that Plaintiff is entitled to any of the relief sought. Defendant prays that it be dismissed from this action, awarded its costs and fees incurred, and any other relief the Court deems just and proper.

## **GENERAL DENIAL**

Defendant denies every allegation contained in Plaintiff's Petition unless specifically admitted herein, including the relief requested in any prayer for relief included in the non-numbered paragraphs.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.      Plaintiff's Petition fails to state a claim, in whole or in part, upon which relief may be granted.

2.      Defendant denies each allegation, count, claim, and prayer of Plaintiff's Petition which is not expressly and specifically denied herein.

3.      Plaintiff's claims are barred, in whole or part, because Plaintiff received any and all compensation, benefits, or monies owed to her.

4.      Plaintiff's claims are barred, in whole or in part, because any actions taken by Defendant with respect to Plaintiff were at all times taken in good faith and for legitimate reasons based on decisions that were job-related and consistent with business necessity, and not for any discriminatory, retaliatory, illegal, or wrongful purpose.

5.      Defendant had legitimate business reasons for its decisions and would have made the same decisions in the absence of any alleged impermissible motivators or considerations.

4874-8098-7444.1                                         9

6. Defendant denies that its employees or agents caused any harm, injury, or damage to Plaintiff while acting within the scope of her employment with Defendant and further denies that it engaged in any wrongful or unlawful conduct whatsoever or that Plaintiff is entitled to any legal or equitable relief.

7. Plaintiff's claims are barred, in whole or in part, because Defendant has substantially complied with all applicable statutes, regulations, laws, obligations and/or industry standards.

8. No act or omission by Defendant was the proximate cause of injury or damages allegedly suffered by Plaintiff.

9. Plaintiff's alleged damages, which Defendant explicitly denies, are not of the nature or extent alleged by Plaintiff in her Petition for Damages.

10. Plaintiff's alleged damages, which Defendant explicitly denies, were caused in whole or in part by sources other than any alleged unlawful actions or omissions by Defendant. Accordingly, any such damages should be either completely denied or apportioned according to the evidence.

11. Plaintiff's alleged damages, which Defendant explicitly denies, are speculative and uncertain, and therefore, not compensable.

12. Plaintiff's recovery, which Defendant explicitly denies, is barred, in whole or in part, by her failure to exercise reasonable care and diligence to mitigate any alleged damages. Further, Plaintiff's damages, if any, must be reduced by any actual amounts she has earned in mitigation of her damages.

13. Plaintiff is not entitled to an award for lost wages or benefits for any period during which she was unable to work.

4874-8098-7444.1                                                10

14.     Because Plaintiff's Petition is vague, ambiguous, and couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to further respond and assert any additional affirmative defenses as through discovery or investigation.

## DEMAND FOR JURY TRIAL

Defendant respectfully requests a jury trial on all matters so triable.

/s/ Karly D. Weigel
Alan L. Rupe, MO #56013
Karly D. Weigel, MO #70410
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, Missouri 64112
Telephone: (816) 299-4244
Facsimile:  (816) 299-4245
alan.rupe@lewisbrisbois.com
karly.weigel@lewisbrisbois.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2022, the above Defendant Preferred Family Healthcare, Inc's Answer and Affirmative Defenses to Plaintiff's Original Petition for Damages was filed using the court's electronic filing system which will send notice to all counsel of record.

/s/ Karly D. Weigel
Karly D. Weigel

4874-8098-7444.1

12

Electronically Filed - Buchanan - December 15, 2022 - 12:27 PM

# IN THE CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY, MISSOURI

| | | |
|---|---|---|
| **RACHEL TOLLIVER** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CASE NO: 22BU-CC01283 |
| | ) | |
| **PREFFERED FAMILY** | ) | |
| **HEALTHCARE** | ) | |
| **INC.** | ) | |
| | ) | |
| *Defendant* | ) | |

## <u>CERTIFICATE OF SERVICE</u>

Rachel Tolliver (Plaintiff) by and through her undersigned counsel of record,
notifies the court that on December 15, 2022, it has served upon counsel for Preferred Family
Healthcare Inc. (Defendant) *Plaintiff's Responses to Defendant Family Healthcare Inc's Request
for Admissions* by electronic mail in both PDF and Microsoft Word formats to Defendant's counsel
of record.

Respectfully Submitted,

**A.D. LITIGATION AND ESTATE PLANNING LLC.**

*/s/ Antonette M. DuPree, Esq.*

**Antonette M. DuPree**       **MBN: 70039**
**1301 Oak St. Suite 610**
**Kansas City, MO. 64106**
**Ph:    (816) 643-4152**
**Fax:   (816) 643-4778**
**Email: antonette@adlitigationep.com**

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2022, a true and correct copy of the above was

served by electronic mail in both PDF and Microsoft Word formats correctly addressed to:

**LEWIS BRISBOIS BISGAARD & SMITH LLP.**

Alan Lloyd Rupe      MBN: 56013
Karly Weigel         MBN: 70410
4600 Madison Ave.
Suite 700
Kansas City, MO. 64112
Ph:    (816) 299-4244
Fax:   (816) 299-4245
Email: alan.rupe@lewisbrisbois.com
        karly.weigel@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT**

**CIVIL CASE DOCKET ENTRY**

| Date: 9 *De* | Name: *Tolliver / PFIK* | Case no. *22Bv-CC 01283* |

**APPEARANCES**

Plaintiff(s) appear ( ) not ( ) in person ( ) by _____ ( ) attorney ( ) agent
Defendant(s) appear ( ) not ( ) in person ( ) by _____ ( ) attorney ( ) officer
Garnishee appears ( ) not ( ) by _____ ( ) attorney ( ) officer

**TYPE OF HEARING**

( ) Trial Setting Hearing (TSH)          ( ) Trial          ( ) Jury Trial
( ) Plaintiff(s) ( ) Defendant(s) ( ) Joint Motion for a Continuance
Reason: _____
( ) Motion: _____
_____
_____
( ) Other: _____

**RESULT**

| ( ) Court enters Default Judgment for Plaintiff | ( ) Judgment for Defendant | ( ) Motion sustained |
| ( ) Parties Consent to Judgment for Plaintiff | ( ) Plaintiff dismisses with prejudice | ( ) Motion overruled |
| ( ) Judgment for Plaintiff | ( ) Plaintiff dismisses without prejudice | ( ) Case reset for |
| ( ) Dismissed for failure to appear to prosecute case | ( ) Case under advisement to at _____ | *JT* on *9-12 JAN 2024* at *9 AM* |

**ORDER**

( ) To be prepared by plaintiff    ( ) To be prepared by defendant    ( ) Order due _____

**COSTS**

( ) Assessed to plaintiff    ( ) Assessed to defendant    ( ) Each party pays their costs

**DOCKET ENTRY TEXT**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

( ) in JIS                              Judge _____

| Description | 8:30 docket | | |
|---|---|---|---|
| Date | 12/9/2022 | **Location** | [BUCWC00018] |

| Time | Speaker | Note |
|---|---|---|
| 8:35:58 AM | Judge | on record |
| 8:36:03 AM | | 15BU-CV03594 |
| 8:37:35 AM | | 22BU-CC00754 |
| 8:38:08 AM | | 22BU-CC01325 |
| 8:38:47 AM | | 22BU-CC00413 |
| 8:39:58 AM | | 22BU-CC00950 |
| 8:40:45 AM | | 22BU-CC00953 |
| 8:42:38 AM | | 22BU-CC01256 |
| 8:44:42 AM | | 22BU-CC01283 |
| 8:47:03 AM | | 22BU-CC01282 |
| 8:47:33 AM | | off record |
| 8:48:15 AM | | 22BU-CC01282 continued |
| 8:51:28 AM | | end |

Case 5:22-cv-06143-DGK   Document 1-2   Filed 12/29/22   Page 43 of 44

**IN THE CIRCUIT COURT OF ANDREW AND BUCHANAN COUNTY
STATE OF MISSOURI**

RACHEL TOLLIVER,

        Plaintiff,

v.

PREFERRED FAMILY HEALTHCARE, INC.,

        Defendant.

Case No.  22BU-CC01283

## CERTIFICATE OF SERVICE

Defendant Preferred Family Healthcare, Inc., by the undersigned counsel, hereby certifies that its First Request for Admissions to Plaintiff was served by electronic mail on November 28, 2022, upon the following:

Antonette M. DuPree
antonette@adlitigationep.com

*Attorney for Plaintiff*

        /s/ Karly D. Weigel
        Alan L. Rupe, MO #56013
        Karly D. Weigel, MO #70410
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        4600 Madison Avenue, Suite 700
        Kansas City, MO 64112
        Telephone: 816-299-4244
        Facsimile:  816-299-4245
        alan.rupe@lewisbrisbois.com
        karly.weigel@lewisbrisbois.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2022, the above Certificate of Service was filed using the court's electronic filing system which will send notice to all counsel of record.

        /s/ Karly D. Weigel
        Karly D. Weigel

4886-5991-2244.1