# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RACHEL TOLLIVER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 5:22-CV-06143-DGK |
| PREFERRED FAMILY HEALTHCARE, INC., | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Now before the Court is Plaintiff's Motion to Remand. ECF No. 9. Because the Court has subject matter jurisdiction over this case, Plaintiff's motion is DENIED.

### Background

On September 12, 2022, Plaintiff filed her complaint against Defendant in the Circuit Court of Andrew and Buchanan County, Missouri, alleging race discrimination (Count I) and disability discrimination (Count II) in violation of the MHRA; and creation of a hostile and offensive work environment based on disability (Count III). The complaint does not specify which law(s) Count III is brought under. Plaintiff seeks actual damages and attorneys' fees.

On October 28, 2022, Plaintiff served her complaint on Defendant. It is undisputed that at the time of service, neither diversity jurisdiction nor federal question jurisdiction existed—both parties are domiciled in the State of Missouri, and the face of Plaintiff's complaint did not state or cite to a federal law claim.

On November 28, 2022, Defendant filed its answer and served requests for admission ("RFA") on Plaintiff to clarify what law(s) Plaintiff's claims were brought under since she failed to specify as to such in Count III. Plaintiff responded to the RFA on December 15, 2022, explicitly

denying Counts I–III arise under state law only and admitting Counts I–III arise under federal law in whole or in part. *See* Df.'s Mot. at 3–4. After Plaintiff admitted Counts I–III are brought pursuant to federal law, Defendant timely removed to this Court on December 29, 2022.[1]

### Standard

Federal courts are courts of limited jurisdiction. 28 U.S.C. § 1441(a). A district court has original subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, i.e., those involving a question or issue of federal law. 28 U.S.C. § 1331 (federal question jurisdiction); *see Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

A defendant may remove a state law claim to federal court only if the action originally could have been filed there. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir.2005). Usually, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3).

"All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). The party seeking to invoke a district court's jurisdiction bears the burden of establishing federal jurisdiction. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

### Discussion

Plaintiff argues her admissions were only intended "to make clear [] that Plaintiff had done

---

[1] Specifically, Defendant argues that Plaintiff's admissions give the Court supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See* Df.'s Mot. at 5.

her due diligence in ensuring she had met all jurisdictional requirements (obtained a right to sue) that would allow the Court to exercise subject matter jurisdiction on some basis other than federal question, if removed by the Defendant." Pl.'s Mot. to Remand at 1. While Plaintiff now maintains Counts I–III arise *solely* under state law, admissions made in response to RFP are "conclusively established unless the court on motion permits withdrawal or amendment of the admission," which the Missouri circuit court did not do. Mo. Sup. Ct. R. 59.01(b). Thus, Plaintiff's admissions—that Claims I–III arise under federal law in whole or in part—were conclusively established at the time of removal. And since a "[C]ourt's jurisdiction is measured at the time of removal," the Court has subject matter jurisdiction to hear this case. *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014).

## Conclusion

Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Date:  March 2, 2023 			/s/ Greg Kays
					GREG KAYS, JUDGE
					UNITED STATES DISTRICT COURT